IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

RYAN M. SWIGGART                                                                              PETITIONER

v.                                    NO. 2:11CV00223 SWW/HDY

T.C. OUTLAW, Warden,                                                                      RESPONDENT
F.C.I. Forrest City, Arkansas

### FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

-1-

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

## DISPOSITION

PETITIONER'S ALLEGATIONS. Petitioner Ryan Swiggart ("Swiggart") alleges that he entered the custody of the Federal Bureau of Prisons ("BOP") in April of 2005 following his plea of guilty to federal drug offenses. At some point, he completed a residential drug abuse program and received a one year reduction in his sentence. In April of 2011, he was moved to a halfway house and then later to home confinement.

At about the time Swiggart was moved to home confinement, he began experiencing problems with his teeth and sustained a cut on his hand that became infected. He sought medical attention and was prescribed pain medication. He notified his counselor and the halfway house staff about his problems and the medication he had been prescribed. They approved of his treatment.

When Swiggart stopped taking the pain medication, he began experiencing withdrawal-like symptoms. He was then prescribed Xanax and referred to a short-term methadone treatment facility. He notified his counselor and the halfway house staff about his prescription for Xanax and the referral. They again approved of his treatment.

Not long into Swiggart's treatment, officers with the United States Marshal's Office seized him and returned him to a secure facility. It was at that point he learned he was being disciplined for "unauthorized use of a narcotic, that being, the methadone and the endocet …" See Document 1 at 8. The BOP subsequently withdrew the one year reduction of his sentence he received for completing the residential drug abuse program.

THE PETITION AT BAR. Swiggart then commenced the proceeding at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. In the petition, he advanced the following two claims: first, he has been charged with a "rule violation for taking medication prescribed by a licensed doctor," and second, he is being sent back to prison for a "rule violation that is in conflict with policy and established law." See Document 1 at 4. His claims were premised upon the following assertions:

> My argument is that I have had a medical condition and have prescriptions from [doctors] for my medications including the methadone. Not only that but I was given approval from the halfway house to be on these medications. I did not fail any [urine analyses] for illegal drugs and I had prescriptions from [doctors] and permission from my counselor and the halfway house to be on medication.

See Document 1 at 8. Swiggart asked that his prison discipline report be expunged and the one year reduction of his sentence be re-instated. He also asked that he be returned to home confinement.

Respondent T.C. Outlaw ("Outlaw") responded to Swiggart's petition by filing a combined response and motion to dismiss. See Document 10. In the submission, Outlaw clarified that Swiggart was initially charged with two rule violations, those being, a "Code 112: use of narcotics not prescribed by medical staff;" and a "Code 309: violating a condition of a community program." See Document 10 at 2. Outlaw then maintained that Swiggart had failed to exhaust his administrative remedies as to those code violations, specifically arguing the following:

-4-

> In the instant case, [Swiggart], for some reason, decided to forego the administrative remedy process and proceed directly to court. BOP SENTRY records show [he] has filed one administrative remedy regarding his disciplinary action, which was rejected, and no administrative remedies regarding his program failure or return to a secure facility. ... The one administrative remedy filed by [him] was rejected due to a timing issue. Specifically, [Swiggart] was advised that he needed to wait until he had received his disciplinary report and administrative decision. ... He was advised that he could file his appeal after he had actually seen the report and reasons for the agency's actions. Instead, [he] decided to ignore the administrative remedy process completely. Thus, on this basis alone, his Petition must be dismissed.

See Document 10 at 4. With regard to the merits of Swiggart's claims, Outlaw first maintained that the Code 112 violation, i.e., use of narcotics not prescribed by medical staff, has now been expunged, and Swiggart's challenge to that violation is moot. As to the Code 309 violation, i.e., violating a condition of a community program, Outlaw maintained that the BOP has the sole discretion to decide where a prisoner shall be housed and whether a prisoner who participates in a residential drug abuse program will receive a reduction in his sentence. Outlaw maintained that "the BOP acted within its discretion in appropriately removing [Swiggart's] early release eligibility and by placing him in a more secure facility. ... [He] admits that he was using so much pain medication that he was recommended for treatment [for] withdrawal symptoms. As a recovering addict, [he] was not at a stage where he could deal with his drug problem appropriately, and he [was] not at a point where he was eligible for a benefit linked to living drug free." See Document 10 at 8-9.

Swiggart was accorded an opportunity to submit a response to Outlaw's response/motion. Swiggart never took advantage of that opportunity, and the undersigned now issues the following findings and recommendation.

CODE 112 VIOLATION. As the undersigned has noted, Outlaw maintained that the Code 112 violation, i.e., use of narcotics not prescribed by medical staff, has now been expunged, and Swiggart's challenge to that violation is moot. Outlaw supported his assertion with a Declaration from James D. Crook ("Crook"), a BOP Supervisory Attorney, and a BOP Disciplinary Committee Report, see Document 10, Attachment D at 1-2, 5-6, both of which support Outlaw's assertion. The record conclusively establishes that the Code 112 violation has indeed been expunged. Swiggart's challenge to that violation should therefore be dismissed are moot.

CODE 309 VIOLATION. The Code 309 violation, i.e., violating a condition of a community program, is not moot, and Swiggart has now been returned to a secure facility, which the undersigned understands to be F.C.I. Forrest City, Arkansas, the warden of which is Outlaw. The initial question posed by Swiggart's challenge to that violation is whether he exhausted his administrative remedies.

A prisoner is typically required to exhaust his administrative remedies before filing a petition pursuant to 28 U.S.C. 2241. See United States v. Chappel, 208 F.3d 1069 (8th Cir. 2000). The requirement is capable of being waived, though, when a prisoner can show that attempting to exhaust the remedies would be futile.

As the undersigned has noted, Outlaw initially maintained that Swiggart failed to exhaust his administrative remedies with respect to the Code 309 violation. Outlaw supported his assertion with Crook's Declaration and the BOP Sentry records, see Document 10, Attachment D at 1-3, both of which support Outlaw's assertion. The record conclusively establishes that Swiggart failed to exhaust his administrative remedies with respect to the Code 309 violation. He has also not shown that attempting to exhaust the remedies would be futile. His challenge to that violation should therefore be dismissed for that reason.

RECOMMENDATION. The undersigned recommends that Swiggart's petition be dismissed and all requested relief be denied. The Code 112 violation has been expunged, and his challenge to that violation should therefore be dismissed as moot. Swiggart has failed to exhaust his administrative remedies with respect to the Code 309 violation, and he has not shown that attempting to exhaust the remedies would be futile. His challenge to that violation should therefore be dismissed for that reason.

DATED this ___23___ day of February, 2012.

UNITED STATES MAGISTRATE JUDGE